# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

MAY SALDANA and VALERIE
MANFREDONIA, on behalf of themselves
and on behalf of all other similarly-situated
persons,

                    Plaintiffs,

      -against-

MIDDLETOWN CAR-G-CAM UNI CORP.,
KINGSTON CAR-G-CAM UNI CORP.,
POUGHKEEPSIE CAR-G-CAM UNI CORP.,
DANBURY CAR-G-CAM UNI CORP.,
DANBURY FAIR MALL CAM-G-SAL UNI
CORP., GARDEN STATE CAR-G-CAM UNI
CORP., WATERBURY CAR-G-CAM UNI
CORP., WILLOWBROOK CAR-G-CAM
UNI CORP., JEFFERSON VALLEY CAR-G-
CAM UNI CORP., YORKTOWN HEIGHTS
CAR-G-CAM UNI CORP., HARTFORD
CAR-G-CAM UNI CORP., SARATOGA
CAR-G-CAM UNI CORP., and MERIDEN
CAR-G-CAM UNI CORP.,

                    Defendants.

-------------------------------------------------X

15 Civ. 3651 (NSR)

## ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS'
## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
## PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES,
## APPOINTMENT OF CLASS COUNSEL, AND
## APPROVAL OF PROPOSED NOTICES OF SETTLEMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9|23|2015

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement and Related Relief ("Preliminary Approval Motion"). Pursuant to the terms of the parties' Final Settlement Agreement and Release dated May 16, 2015 ("Settlement Agreement"), Defendants did not oppose the motion.

## I.    Preliminary Approval of Settlement

1.    Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Steven L. Wittels ("Wittels Declaration"), both dated July 1, 2015, all other papers submitted in connection with Plaintiffs' Preliminary Approval Motion, and the relevant legal standards, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement made by and among Plaintiffs May Saldana and Valerie Manfredonia ("Plaintiffs") and Defendants Middletown Car-G-Cam Uni Corp., Kingston Car-G-Cam Uni Corp., Poughkeepsie Car-G-Cam Uni Corp., Danbury Car-G-Cam Uni Corp., Danbury Fair Mall Cam-G-Sal Uni Corp., Garden State Car-G-Cam Uni Corp., Waterbury Car-G-Cam Uni Corp., Willowbrook Car-G-Cam Uni Corp., Jefferson Valley Car-G-Cam Uni Corp., Yorktown Heights Car-G-Cam Uni Corp., Hartford Car-G-Cam Uni Corp., Saratoga Car-G-Cam Uni Corp., and Meriden Car-G-Cam Uni Corp. ("C&C" or "Defendants"), attached to the Wittels Declaration as Exhibit A, and "so orders" all of its terms.

2.    The law favors compromise and settlement of class actions. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 112 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted). In addition, courts encourage early settlement of class actions "because early settlement allows class members to recover without unnecessary delay and allows the judicial

system to focus resources elsewhere." *Viafara v. MCIZ Corp.*, No. 12 Civ. 7452 (RLE), 2014 WL 1777438, at *5 (S.D.N.Y. May 1, 2014) (collecting cases); *see also Clem v. KeyBank, N.A.*, No. 13 Civ. 789 (JCF), 2014 WL 2895918, at *5 (S.D.N.Y. June 20, 2014) (commending parties for acting responsibly in reaching early settlement).

      3.      The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.*, No. 07 Civ. 8624 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (internal quotation marks omitted); *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007) ("Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement."). Indeed, "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks omitted); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (GWG), 2015 WL 539506, at *4 (S.D.N.Y. Feb. 10, 2015) (same). The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator, in this case a retired Federal Magistrate Judge. *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (RLE), 2013 WL 4734818, at *2 (S.D.N.Y. Sept. 3, 2013) (collecting cases).

4.     Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It allows notice to issue to the members of the class ("Class Members") so that they can assess the proposed settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

5.     Preliminary approval requires only the Court's "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") §§11.25, *et seq.* (4th ed. 2002)). In fact, "[c]ourts often grant preliminary settlement approval without requiring a hearing or a court appearance." *Sukhnandan*, 2013 WL 4734818, at *1. To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice to be sent to class members) (quoting *Manual for Complex Litigation* (3d ed.) § 30.41).

6.     The Court has balanced a number of factors relevant to the claims asserted in the action, including the strength of the allegations set forth in Plaintiffs' complaint; the risk, expense, complexity, and likely duration of the litigation; the potential merits of Defendants' case and defenses; the risk of obtaining class certification and maintaining class action status throughout the trial; the amount offered in the settlement; the extent of discovery completed and the state of the proceedings; and the experience and views of counsel. The Court concludes that the proposed Settlement Agreement is fundamentally fair, adequate, and within the range of

possible final settlement approval, such that notice to the class is appropriate. *In re Traffic Exec. Ass'n*, 627 F.2d at 634.

7.    The Court also finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel experienced in the prosecution and defense of wage and hour class and collective actions. An experienced class action employment mediator, The Honorable Diane Welsh (Ret.), assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Sukhnandan*, 2013 WL 4734818, at *2 (collecting cases).

## II.    Conditional Certification of the "Rule 23 Class" Pursuant to Rule 23

8.    Provisional settlement class certification and appointment of class counsel have several practical purposes: "avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Sukhnandan*, 2013 WL 4734818, at *2.

9.    For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e):

> All individuals who were employed as hair stylists by any Defendant in New
> York at any time since May 16, 2008 and in New Jersey and Connecticut at any
> time since May 16, 2011 through the date of preliminary approval of the
> settlement.

10.    Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than 1,000 Class Members. Wittels Decl. ¶ 36. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members."). In

addition, "sheer size alone is not the only factor to consider when analyzing numerosity . . . and a finding of numerosity is supported where, as here, the potential class members are of limited financial means, or may fear retaliation by their employer." *Spencer v. No Parking Today, Inc.*, 12 Civ. 6323, 2013 WL 1040052, at *13 (S.D.N.Y. Mar. 15, 2013) (collecting cases).

12.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants misclassified them as exempt commissioned sales employees and failed to pay them overtime in violation of state overtime law; whether C&C maintained true and accurate time records for all hours worked by Plaintiffs and Class Members; what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and whether Defendants acted willfully or in reckless disregard of its obligations under the law. *See, e.g., Zeltser v. Merrill Lynch & Co., Inc.*, No. 13 Civ. 1531 (FM), 2014 WL 4816134, at *2 (S.D.N.Y. Sept. 23, 2014) (commonality satisfied where plaintiffs and class members were misclassified as exempt, were not paid overtime and employer did not keep accurate records of time worked); *Jackson*, 298 F.R.D. at 162 (same); *Clem*, 2014 WL 1265909, at *3 (same); *Silverstein v. AllianceBernstein L.P.*, No. 09 Civ. 5904 (JPO), 2013 WL 7122612, at *3 (S.D.N.Y. Dec. 20, 2013) (same); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay).

13.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Spencer*, 2013 WL 1040052, at *18 (typicality met where the "named plaintiffs and the prospective class were subject to the same general employment

scheme, and their claims are all based on the same course of events and legal theory. Even if some class members' facts are somewhat different than the named plaintiffs the claims are similar enough to meet the typicality element.") (internal alterations, quotation marks, and citation omitted); *see also Zeltser*, 2014 WL 4816134, at *2 (typicality satisfied "because Plaintiffs' claims [for overtime] arose from the same factual and legal circumstances that form the bases of Class Members' claims"); *Sukhnandan*, 2014 WL 3778173, at *3 (same); *Silverstein*, 2013 WL 7122612, at *3 (same).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with the Class Members' interests. *See Viafara*, 2014 WL 1777438, at *3 (adequacy met where there was no evidence that named plaintiffs' and class members' interests were at odds). Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4) because Wittels Law attorneys have acted as Lead Counsel in dozens of class actions, and because Wittels Law has achieved a commendable result given the complexities of this litigation.

15. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that C&C violated state and federal wage and hour laws by misclassifying its hair stylists as exempt commissioned sales employees – predominate over any factual or legal variations among Class Members. *See Ballinger*, 2014 WL 7495092, at *6 ("predominance requirement is satisfied by the common contention that the plaintiffs were employees entitled to be paid the minimum wage"); *Silverstein*, 2013 WL 7122612, at *3 (predominance satisfied where by plaintiffs' contention that defendants "violated federal and state wage and hour laws by misclassifying Plaintiffs as exempt administrative employees and failing to pay them for premium overtime hours"); *Clark*, 2009 WL 6615729, at

*5 (finding common factual allegations and common legal theory predominate over factual and legal variations among class members in wage and hour misclassification case); *see also Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendant engaged in a common practice to deny employees overtime pay" and "this issue predominates over any individual calculations of overtime wages").

16.     Further, employing the class action device here will not only achieve economies of scale for Class Members, who have limited financial resources with which to prosecute individual actions, but will also conserve judicial resources, prevent inconsistent adjudications of similar issues and claims, and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings. *See Silverstein*, 2013 WL 7122612, at *4 ("Class adjudication of this [overtime] case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.").

## III.     Conditional Certification of the "FLSA Collective" Pursuant to 29 U.S.C. § 216(b)

17.     The Court also provisionally certifies the following proposed FLSA Collective under 29 U.S.C. § 216(b):

> All individuals who were employed as hair stylists for any Defendant at any time since May 16, 2011 through the date of preliminary approval.

18.     Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. 29 U.S.C. § 216(b).

19.     The Court finds that Plaintiffs are "similarly situated" to the Class Members for purposes of the settlement of the FLSA claims.

20.     For the reasons set forth above concerning the propriety of certifying a class under Federal Rule of Civil Procedure 23, the Court has ample basis to certify the FLSA Collective under the FLSA for purposes of this settlement.

## IV.     Appointment of Plaintiffs' Counsel as Class Counsel

21.     The Court appoints Wittels Law, P.C. as Class Counsel because it meets all of the requirements of Federal Rule of Civil Procedure 23(g). In evaluating the adequacy of proposed counsel, the Court must consider: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

22.     Wittels Law has substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and the lawyers assigned to this matter are well-versed in wage and hour law and class action law and are well-qualified to represent the interests of the Class. Further, the work that Wittels Law has done identifying, investigating, pursuing, and settling Plaintiffs' and Class Members' claims demonstrates their skill and commitment to representing the interests of the Class.

## V.     Notices

23.     The Court approves, as to form and content, the Notices of Proposed Class Action Settlement and Final Approval Hearing submitted to the Court on September 15, 2015 (collectively, the "Notices").

24.     The content of the Notices fully complies with due process and Federal Rule of Civil Procedure 23.

25.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> [T]he best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

26.     The Notices satisfy each of these requirements and adequately put Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Flynn v. New York Dolls Gentlemen's Club,* No. 13 Civ. 6530 (PKC) (RLE), 2014 WL 4980380, at *5 (S.D.N.Y. Oct. 6, 2014) (same). The Notices are appropriate because each describes, in plain language, the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members. The Notices also describe, in plain language, the terms of the settlement, inform the Class Members about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

27.     The Notices also satisfy the requirements of the FLSA. Section 216(b) of the FLSA states in relevant part that:

> An action . . . may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

28.     To serve the "broad remedial purpose" of the FLSA, courts can order notice to other potentially similarly situated individuals to inform them of their right to "opt in" to the lawsuit. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

29.     In *Hoffmann-La Roche*, the Supreme Court held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170. District Courts are encouraged to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help facilitate the litigation moving forward. *Id.* at 171-72.

30.     For the reasons set forth above, the Court approves the Plaintiffs' proposed Notices.

## VI.     Class Action Settlement Procedure

31.     The Court hereby adopts the settlement procedure set forth in the Settlement Agreement.

32.     The Court directs the mailing, by first class mail and/or email, as applicable, of the Notices and Claim Forms to the Class Members in accordance with the schedule set forth in the Settlement Agreement. The Court finds that the method and dates selected for the mailing of these documents meet the requirements of due process, provide the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice.

33.     Pending the Court's final approval of the Settlement Agreement, all proceedings in this action, except those related to approval of the Settlement Agreement, are stayed.

34.     Members of the Settlement Classes who object to the Settlement Agreement are not required to appear at the Fairness Hearing. However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement are required to file and deliver their

written objection with the Clerk of the Court, in addition to serving their objection on the Claims Administrator and counsel for the parties.

35.     Plaintiffs shall file their Motion for Final Approval of the Settlement no later than seven (7) days before the date of the final approval hearing.

36.     Should the final approval of the Settlement not be granted, or should the Effective Date, as that term is defined in the Settlement Agreement, not occur, this Order shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.

37.     Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing. The Settlement Agreement, however, may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement.

38.     The final approval hearing will be held on Jan. 8, 2016, at 12:00 (a.m.)/p.m.

12

It is so ORDERED this 23rd day of _____Sept._____, 2015.

_____
Hon. Nelson S. Román, U.S.D.J.

> **If you have worked as a hair stylist at C&C Unisex or Plaza Salon, you could get a payment from a class action settlement for alleged unpaid overtime wages.**

*A federal court authorized sending this Notice of Class Action Settlement.*

*It is not a solicitation from a lawyer.*

*Contact the Claims Administrator or the Lawyers for the Class (Wittels Law) listed below if you have any questions after reading this Notice. Do not contact the Court with questions.*

- As discussed below, the settlement will provide a fund of $800,000.00 from which payments will be made to current and former hair stylists who were employed at a C&C Unisex or Plaza Salon in New York between May 16, 2008 and [INSERT DATE OF PRELIMINARY APPROVAL]. The full names and addresses of the salons involved in this case are listed below on page 3.

- Read this Notice carefully, as your legal rights may be affected whether or not you respond.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you get a payment.<br>**The Claim Form must be submitted by [INSERT END OF NOTICE PERIOD], and is enclosed with this notice** |
| **EXCLUDE YOURSELF** | Get no payment. If you ask to be excluded you will not receive any benefits from this settlement. But you keep any rights to sue C&C Unisex or Plaza Salon separately about the same legal claims in this lawsuit. |
| **OBJECT** | Notify the Court if you have any objections to the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

- Payments will be made if the Court approves the settlement and it becomes final. Please be patient.

**QUESTIONS? CALL XXXXXXXXXXXXX 800-xxx-xxxx**

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................**3**
   1.   WHY DID I GET THIS NOTICE? ........................................................................3
   2.   WHAT IS THIS LAWSUIT ABOUT? ...................................................................4
   3.   WHY IS THIS A CLASS ACTION? .....................................................................4
   4.   WHY IS THERE A SETTLEMENT? ...................................................................4

**WHO IS IN THE SETTLEMENT?** ....................................................................**4**
   5.   HOW DO I KNOW IF I AM PART OF THE SETTLEMENT? ....................................4

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ....................................**5**
   6.   WHAT DOES THE SETTLEMENT PROVIDE? .......................................................5

**HOW TO GET A PAYMENT -- SUBMIT A CLAIM FORM** ..........................**5**
   7.   HOW CAN I GET A PAYMENT? ........................................................................4
   8.   WHAT HAPPENS IF I DON'T SEND IN A CLAIM FORM? ...................................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................**6**
   9.   WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN? .....................6

**OBJECTING TO THE SETTLEMENT** ...........................................................**6**
   10.  HOW CAN AN OBJECTION BE MADE? ..............................................................6

**THE LAWYERS REPRESENTING YOU** .........................................................**7**
   11.  WHO IS CLASS COUNSEL? .............................................................................7

**THE FAIRNESS HEARING** ...........................................................................**7**
   12.  WHAT IS A FAIRNESS HEARING? ...................................................................7

**GETTING MORE INFORMATION**.................................................................**7**
   13.  HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT? .........................7

# BASIC INFORMATION

## 1. Why did I get this Notice?

You received this Notice because you may have worked as a hair stylist at a C&C Unisex or Plaza Salon (together "C&C") in New York from May 16, 2008 and [INSERT DATE OF PRELIMINARY APPROVAL]. A list of each of the New York salons involved in this case is below:

Middletown Car-G-Cam Uni Corp., d/b/a C&C Unisex Hair Design

> Galleria at Crystal Run
> 1 N Galleria Dr
> Middletown, NY 10941

Kingston Car-G-Cam Uni Corp., d/b/a C&C Unisex Hair Design

> Hudson Valley Mall
> 1300 Ulster Ave
> Kingston, NY 12401

Poughkeepsie Car-G-Cam Uni Corp., d/b/a C&C Unisex Hair Design

> Poughkeepsie Galleria
> 2001 S Rd, Ste 214
> Poughkeepsie, NY 12601

Jefferson Valley Car-G-Cam Uni Corp., d/b/a C&C Unisex Hair Design

> Jefferson Valley Mall
> 650 Lee Blvd
> Yorktown Heights, NY 10598

Yorktown Heights Car-G-Cam Uni Corp., d/b/a Plaza Salon

> Jefferson Valley Mall
> 650 Lee Blvd
> Yorktown Heights, NY 10598

Saratoga Car-G-Cam Uni Corp. d/b/a C&C Unisex Hair Design

> Wilton Mall
> 3065 NY-50
> Saratoga Springs, NY 12866

**QUESTIONS? CALL XXXXXX 800-xxx-xxxx**

You were sent this Notice because you have the right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement provides.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. What is this lawsuit about?

The class action lawsuit claims that C&C misclassified its hair stylists as exempt from overtime regulations and failed to pay them all of the overtime wages they believe they were owed. C&C denies any wrongdoing.

## 3. Why is this a class action?

In this class action, the Class Representatives (May Saldana and Valerie Manfredonia) sue on behalf of people who they believe have similar claims (the "Class Members"). The case is brought as a class action as it is more efficient to pursue all Class members' claims in one lawsuit.

## 4. Why is there a settlement?

After a thorough investigation, the parties have agreed to a settlement in order to make monetary benefits available to all of C&C's current and former hair stylists. A settlement avoids the uncertainty, risks and delay of litigation. Both the Class Representatives and their lawyers believe that the settlement is fair and in the best interests of the Class.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am part of the settlement?

Class Members entitled to receive a monetary payment under the settlement include all current and former hair stylists who were employed at a C&C or Plaza Salon in New York from May 16, 2008 and [INSERT DATE OF PRELIMINARY APPROVAL]. According to C&C's records, you are one of those hair stylists.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. What does the settlement provide?

If you submit a valid claim form, your payment under the settlement is calculated to be at least $XXXX – less applicable taxes  This amount is based on the total number of weeks that you worked as a hair stylist for C&C.

Your share of the settlement could be more than the amount listed above.  This depends on the number of Class Members who ultimately submit Claim Forms, and will not be known until the claims process is complete.

# HOW TO GET A PAYMENT – SUBMIT A CLAIM FORM

## 7. How can I get a payment?

To qualify for payment, you must fully fill out and send in a Claim Form which is attached to this Notice.

You must properly complete and return the Claim Form by mail, e-mail, or fax to the Claims Administrator so that it is postmarked or received on or before [INSERT END OF NOTICE PERIOD].

The Claim Administrator's address and other contact information is on the Claim Form.

Incomplete or untimely submitted Claim Forms will render you ineligible to receive any payment under the settlement.  Payments will only be sent out if the Court approves the settlement and it becomes final.

By submitting a Claim Form, you are agreeing to release C&C from any potential wage claims you might have.

## 8. What happens if I don't send in a Claim Form?

If you don't send in a Claim Form, you will still be bound by all the terms of the settlement, including releasing any applicable state law claims, and will not receive any payment from the settlement fund.  You will, however, keep your rights under the federal Fair Labor Standards Act and your failure to respond will not result in a release of any potential claim under that law.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 9.   What does excluding myself from the settlement mean?

If you don't want a payment from the settlement, then you may exclude yourself (i.e. opt-out) from the settlement. To exclude yourself from the settlement, you must submit a statement to the Claims Administrator with your name, address, and phone number stating "I, [insert name], wish to opt-out of the C&C class action settlement, and not receive any of the monetary benefits provided by the settlement or be bound by the Judgment in the case." Your opt-out statement must be returned to the Claims Administrator at the above address so that it is postmarked or received on or before [INSERT END OF NOTICE PERIOD].

If you choose to opt out of the settlement: (1) you will not get any settlement payment; and (2) you cannot object to the settlement. By opting out, you will not be legally bound by the settlement, and may still pursue your own individual wage claims against C&C if they are not too late under the applicable statute of limitations.

# OBJECTING TO THE SETTLEMENT

## 10. How can an objection be made?

If you fall within the definition of a Class Member set forth above, you may object to the settlement. You may not object to the Settlement if you exclude yourself from the lawsuit by opting out. To object, you must file a written objection with the Clerk of the Court, and must also serve your written objection on the lawyers representing the Class and C&C at the addresses below.

Your objection must include all the reasons why you think the settlement should not be approved, and include the name of the case, *Saldana v. Middletown Car-G-Cam Uni Corp.*, Case No. 15 Civ. 3651, as well as your name, address, telephone number, and signature. Your objection must be filed with the Court and mailed so that it is received no later than [INSERT END OF NOTICE PERIOD]. You have the right to retain a lawyer at your own expense to file your objection. If you or your lawyer intends to appear at the Fairness Hearing, then you must so state in your objection, and your lawyer must file and serve a notice of appearance with the Clerk of the Court.

| COURT | CLASS COUNSEL | DEFENDANT C&C's COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York 300 Quarropas St. White Plains, NY 10601. | Steven L. Wittels, Esq. J. Burkett McInturff, Esq. Tiasha Palikovic, Esq. Wittels Law, P.C. 18 Half Mile Road Armonk, NY 10504 | Jonathan M. Kozak. Esq. Michael A. Jakowsky, Esq. Jackson Lewis P.C. 44 South Broadway 14th Floor White Plains, NY 10601 |

# THE LAWYERS REPRESENTING YOU

## 11. Who is Class Counsel?

The Court has appointed Wittels Law, P.C. as Class Counsel to represent you and the other Class Members. Class Counsel have worked for more than a year and a half without pay or any guarantee of obtaining a recovery for C&C hair stylists of the alleged unpaid wages described in this settlement. In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses. Thus, Class Counsel will ask the Court to approve a legal fee inclusive of reasonable litigation costs in an amount equal to 30% of the Settlement Fund. Class Counsel will also ask the Court to authorize service awards to be paid from the Settlement Fund to the Class Representatives and an opt-in plaintiff who contributed in a significant way by bringing this action and providing important information used to achieve the settlement. The service awards are also in recognition of the risks these individuals took in coming forward publicly. Plaintiffs will request that the Court approve three service awards ranging from $7,500 to $22,500 to be distributed from the settlement fund.

# THE FAIRNESS HEARING

## 12. What is a Fairness Hearing?

The Court will hold a final Fairness Hearing on the fairness and adequacy of the proposed settlement and its terms, on _____, 2015 at __:___ [a.m./p.m.] before Judge Román, in Courtroom 218 of the United States District Court for the Southern District of New York, 300 Quarropas St, White Plains, NY 10601. You do not have to appear at this Fairness Hearing.

# GETTING MORE INFORMATION

## 13. How do I get more information about the settlement?

You can contact the Claims Administrator xxxx at (800)-xxx-xxxx; or you may visit the website at www.wittelslaw.com/candcsettlement where you will find answers to frequently asked questions about the settlement.

You may also contact Class Counsel Steven L. Wittels, J. Burkett McInturff, or Tiasha Palikovic at c&csettlement@wittelslaw.com or (914) 319-9945.

You may also read the full settlement agreement by requesting to see the court file for *Saldana v. Middletown Car-G-Cam Uni Corp.*, Case No. 15 Civ. 3651, during regular business hours in the Clerk's Office at 300 Quarropas St, White Plains, NY 10601. **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR C&C WITH INQUIRES ABOUT THE SETTLEMENT.**

## CLAIM FORM
### Saldana v. Middletown Cap & Cam Uni Corp, Case No. 15 Civ. 3651

**NOTE: TO RECEIVE A PAYMENT FROM THIS CLASS ACTION, YOU MUST RETURN THE CLAIM FORM SO THAT IT IS POST-MARKED, FAXED, OR EMAILED NO LATER THAN [INSERT END OF NOTICE PERIOD].**

## Instructions

a.    If you wish to participate in the settlement, you must properly complete and return both the Claim Form by mail, e-mail, or fax to the Claims Administrator at the below address

[Insert Claims Administrator Name and Address]

b.    To be considered timely, this Claim Form must be postmarked, emailed, or faxed on or before [INSERT END OF NOTICE PERIOD].

c.    In order to be considered complete, you must fill out all information requested in the Claim Form provided below.

d.    If the Court approves the settlement and you have timely submitted a valid Claim Form, then you will be sent an IRS Form W-9 which must be completed and returned prior to your receiving your share of the settlement.

## C&C Claim Form

**1. Personal Information (please print)**

a.    Name: _____.

b.    Your Mailing Address:_____

_____.

**2. Consent to Join**

By signing, and submitting this Claim Form, I hereby consent to become a party plaintiff in this Lawsuit and opt-in under the federal Fair Labor Standards Act. I designate Wittels Law, P.C. to represent me in this Lawsuit. I wish to be included in the class and participate in the proposed settlement.

YOU MUST RETURN THIS PAGE TO RECEIVE PAYMENT

### 3. Release and Covenant Not To Sue

By signing and submitting this form, I agree and acknowledge that I have released Defendants from all claims for any wage and hour violations under federal, state, and/or local law which have been brought in this litigation or that are based on the same facts and circumstances as the claims in the litigation, including but not limited to claims under the federal Fair Labor Standards Act as well as under New York wage law for unpaid minimum wage or overtime wage claims.

### 4. Signature

I declare that I was employed as a hair stylist at a C&C Unisex or Plaza Salon in New York at some point between May 16, 2008 and [Insert Date of Preliminary Approval].


_____          _____
Signature                                         Date


**[Remainder of this page intentionally left blank]**


YOU MUST RETURN THIS PAGE TO RECEIVE PAYMENT